**DEREK SMITH LAW GROUP, PLLC**
TIMOTHY J. PROL, ESQUIRE
Attorney ID No. 319524
1628 Pine Street
Philadelphia, PA 19103
(267) 857-0834
tim@dereksmithlaw.com
Attorneys for Plaintiff, Kwaja Matthews

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| KWAJA MATTHEWS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF PHILADELPHIA,<br>PHILADELPHIA FIRE DEPARTMENT and;<br>CAPTAIN JULIAN SELLERS (individually)<br><br>　　　　Defendant. | **Civil Action No. _____**<br><br>JURY TRIAL DEMANDED |

**CIVIL ACTION COMPLAINT**

1. Plaintiff Kwaja Matthews brings this action pursuant to violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. ("Title VII");, 43 P.S. §§ 951-963 ("PHRA"); and the Philadelphia Fair Practices Ordinance, Philadelphia Code §§ 9-1101 et seq. ("PFPO").

2. Plaintiff seeks actual damages, compensatory damages, punitive damages, back pay, front pay, attorneys' fees, litigation costs, pre- and post-judgment interest, and an adjudication and declaration that Defendants' conduct as set forth herein is in violation of Title VII, PHRA, PHPO, and Pennsylvania Common Law.

**PARTIES**

3. Plaintiff, Kwaja Matthews (hereafter referred to as "Plaintiff") is a female individual who is a resident of the Commonwealth of Pennsylvania.

4. Defendant, City of Philadelphia (hereinafter referred to as "The City"), is a municipality of the Commonwealth of Pennsylvania and it owns, operates, manages, directs, and controls the Philadelphia Fire Department, which employs the Plaintiff and Captain Julian Sellers, as well as other individuals identified herein, who/whom are relevant and at all times were acting under color of state law, and operating pursuant to official policies, customs, and practices of Defendant.

5. Defendant, City of Philadelphia, agreed, accepted, adopted, approved, acquiesced, and/or otherwise is bound by the actions, omission, and conduct of is officers, managers, supervisor, employees, and contractors, acting in accordance with his/her/their authority, including Defendant Sellers.

6. Defendant, Philadelphia Fire Department (hereinafter referred to as "Defendant PFD"), is a public sector organization that provides fire protection and emergency medical services to Defendant, City of Philadelphia.

7. Defendant, Captain Julian Sellers (hereinafter referred to as "Defendant Sellers"), is an adult, male individual who was employed by Defendants PFD and The City, and at all times relevant was a superior and supervisor to Plaintiff.

**JURISDICTION AND VENUE**

8. This Court has jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1331 because it involves questions of federal law under the Title VII and the Court maintains supplemental jurisdiction over the Pennsylvania State Law causes of action pursuant to 28 U.S.C. §1367.

9. Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the acts or omissions giving rise to the claims occurred in this judicial district and Defendants are subject to personal jurisdiction in the Eastern District of Pennsylvania.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

10. On March 6, 2020. Plaintiff exhausted her administrative remedies in relation to her claims arising under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*. by dual filing her Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC) and city of Philadelphia Commission on Human Relations (PCHR)

11. On December 15, 2023, the PCHR issued a Dismissal and Notice of Rights, thereby permitting Plaintiff to file the instant action.

## MATERIAL FACTS

12. Plaintiff has been employed with Defendant PFD since February 14, 2000.

13. During her employment, Plaintiff was promoted to the rank of Lieutenant and maintains that rank currently.

14. At all times material, Plaintiff was the only female Fire Lieutenant assigned to the Fire Code Unit.

15. During her employment, Plaintiff was subjected to discriminatory comments and conduct by Defendant Sellers and his subordinates.

16. Defendant Sellers regularly threatened to replace Plaintiff because she was "whining in the unit and too old."

17. Defendant Sellers regularly accused Plaintiff of not caring "about the Fire Code Unit, or the members assigned to the unit," while also telling Plaintiff that she did not "fit in the Fire Code Unit."

18. Upon information and belief, Defendant Sellers never made any such comments to Plaintiff's male colleagues.

19. On or around October 30, 2019, Defendant Sellers conducted a walk through at 1234 Market Street (what is this location? Precinct?) with Plaintiff and Lieutenant Michael Jackson.

20. During the walkthrough, Plaintiff encountered a personal friend who began speaking with Defendant Sellers and Lieutenant Jackson about Plaintiff.

21. The individual described Plaintiff as "a good person and a good mother."

22. Defendant Sellers immediately replied, "Well if she is all you say she is, then maybe she should be working here with you. I'm trying to find her a new job now; you can fucking have her."

23. Defendant Sellers never spoke to friends or family of Plaintiff's male counterparts in such a manner and made the statement to distress and humiliate Plaintiff.

24. Defendant Sellers escalated his discriminatory behavior by excluding Plaintiff from work related meetings.

25. On or around December 31, 2019, Defendant Sellers excluded Plaintiff from a meeting with all members of the Fire Code Unit. Plaintiff was the only individual who was not permitted to attend.

26. On or around January 8, 2020, Plaintiff requested that she be permitted to attend a meeting between Defendant Sellers, Lieutenant John Dimes, and the Fire Commissioner. Plaintiff was denied permission by Defendant Sellers without explanation.

27. In denying Plaintiff's request to attend the meeting, Defendant Sellers stated, "No, sit here and answer the phones. That's what you do best, and you can barely do that."

28. Plaintiff was taken aback by Defendant Sellers' response as she merely made a request to be present for a meeting that any of her male counterparts would have been permitted to attend.

29. Defendant Sellers' discriminatory animus towards Plaintiff is further evidenced by Defendant Sellers' scheduling practices.

30. Upon information and belief, Defendant Sellers regularly allowed Plaintiff's male coworkers impromptu days off that were labeled as "radio days."

31. [explanation/definition of a radio day]

32. Upon information and belief, radio days were granted on a discretionary basis by Defendant Sellers.

33. Plaintiff's male colleagues were regularly permitted radio days while Plaintiff was never permitted the same.

34. Further, Defendant Sellers gave Plaintiff's male coworkers more favorable assignments and would regularly allow them to select their assignments.

35. Conversely, Plaintiff was never permitted to select her own assignments and was forced to work any shifts that were not selected by her male coworkers.

36. On or around October 10, 2019, Plaintiff made a verbal request to Defendant Sellers regarding an assignment to the Fire Code Unit Variance case load.

37. Defendant Sellers placed Plaintiff on the Fire Code Variance Unit only when she made a verbal request. Plaintiff's male coworkers were never required to make a request and were automatically considered for such assignments.

38. On or around January 21, 2020, Defendant Sellers removed Plaintiff from an overtime shift she was assigned to work.

39. Defendant Sellers placed Lieutenant John Dimes, a male coworker, on the overtime assignment and provided no further explanation for his decision.

40. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, the loss of salary, bonuses, benefits and other compensation which such employment entails, and Plaintiff also suffered future pecuniary losses, emotional pain, humiliation, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

41. As a result of Defendants' conduct, the Plaintiff was caused to sustain serious and permanent personal injuries, including but not limited to permanent psychological injuries.

42. Plaintiff further claims aggravation, activation and/or exacerbation of any preexisting condition.

43. Plaintiff has further experienced severe emotional and physical distress.

44. Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law and therefore Plaintiff demands punitive damages against all Defendants jointly and severally.

## CAUSES OF ACTION

### COUNT I
**Disparate Treatment in Violation of**
**Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e,** *et seq.*
(*Plaintiff v. Defendants PFD and City of Philadelphia*)

60. Plaintiff repeats, incorporates by reference, and realleges every allegation in this Complaint as if fully set forth herein at length.

61. Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2 provides in relevant part:

    a. "It shall be unlawful employment practice for an employer (1) to fail or refuse to hire or discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin."

    42 U.S.C. § 2000e-2

62. At all times material, Plaintiff's sex was and is female.

63. At all times material, Defendants had actual or constructive knowledge of Plaintiff's sex.

64. At all times material, Defendant Sellers held supervisory authority over Plaintiff with respect to the terms and conditions of her employment.

65. At all times material, Defendants PFD and The City authorized Defendant Sellers to take tangible employment actions against Plaintiff.

66. Defendants subjected Plaintiff to disparate treatment in the terms of conditions of her employment because of her sex.

67. At all times material, Plaintiff's sex was the motivating and/or determinative factor in Defendants' disparate treatment of Plaintiff and decision to discriminate against Plaintiff.

68. At all times material, Defendants' discriminatory conduct was not welcomed by Plaintiff.

69. Defendants' discrimination because of Plaintiff's sex was intentional, willful, and made with reckless indifference to Plaintiff's federally protected civil rights.

70. Defendants' discrimination against Plaintiff because of Plaintiff's sex is an unlawful employment practice in violation of Title VII.

71. Defendants acted upon a continuing course of conduct.

72. Defendants PFD and The City are vicariously liable for the unlawful employment actions taken by Defendant Sellers against Plaintiff in the course and scope of his employment for Defendants.

73. As a direct and proximate result of Defendants' discrimination against Plaintiff in violation of Title VII because of her sex, Plaintiff has suffered and continues to suffer emotional and financial harm.

## COUNT II
### Discrimination in Violation of
### Philadelphia Fair Practices Ordinance (PFPO), § 9-1103
### (*Plaintiff v. Defendants PFD and City of Philadelphia*)

74. Plaintiff incorporates by reference each and every allegation made in the above paragraphs of this complaint.

75. The Philadelphia Fair Practices Ordinance § 9-1103(1) provides that:

    a. "It shall be an unlawful employment practice to deny or interfere with the employment opportunities of an individual based upon his or her race, ethnicity, color, sex (including pregnancy, childbirth, or a related medical condition), sexual orientation, gender identity, religion, national origin, ancestry, age, disability, marital status, familial status, genetic information, or domestic or sexual violence victim status, including, but not limited to, the following: (a) For any employer to refuse to hire, discharge, or otherwise discriminate against any individual, with respect to tenure, promotions, terms, conditions or privileges of employment or with respect to any matter directly or indirectly related to employment."

Philadelphia Fair Practices Ordinance (PFPO), § 9-1103

76. Defendants engaged in unlawful discriminatory practice in violation of Philadelphia Fair Practices Ordinance § 9-1103(1) by creating and maintaining discriminatory working conditions, and otherwise discriminating against Plaintiffs because of Plaintiffs' sex; and by subjecting Plaintiff to a hostile work environment.

77. Defendants acted with intent to discriminate.

78. Defendants cannot show any legitimate nondiscriminatory reason for their actions against Plaintiffs and any reasons proffered by Defendants are pretextual.

79. Defendants' unlawful actions towards Plaintiff were intentional, willful, and made with reckless indifference to Plaintiff's protected civil rights under PFPO.

80. As a direct and proximate result of Defendants' discrimination against Plaintiff in violation of PFPO because of her sex, Plaintiff has suffered and continues to suffer emotional and financial harm.

## JURY DEMAND

Plaintiff demands a trial by jury as to all issues so triable.

## PRAYER FOR RELIEF

Plaintiff repeats, incorporates by reference, and realleges every allegation in this Complaint as if fully set forth herein at length.

**WHEREFORE**, Plaintiff demands judgment against the named Defendants, in an amount to be determined at the time of trial plus interest, including but not limited to all emotional distress and lost wages, punitive damages, liquidated damages, statutory damages, attorneys' fees, costs, interest and disbursements of action, and for all other relief available under the law or at equity.

Respectfully submitted,

Date: March 8, 2024

**DEREK SMITH LAW GROUP, PLLC**
By: */s/ Timothy J. Prol, Esq.*
Timothy J. Prol, Esq.
1628 Pine Street
Philadelphia, Pennsylvania 19103
Phone: (215) 391-4790
tim@dereksmithlaw.com
Attorneys for Plaintiff, Kwaja Matthews